**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**------------------------------------------------------------**
**MIRYAM ALLAM a/k/a MIRYAM MEYERS,**

              **Plaintiff,**

          **- against -**                     **09 C 10580 (MEA)**
                                            **MEMORANDUM OPINION AND**
                                            **ORDER**

**JASON MEYERS,**

              **Defendant.**

**------------------------------------------------------------**

**MARVIN E. ASPEN**, United States District Judge:

      Presently before us are two motions in limine[1] filed by the parties in preparation for the

upcoming April 17, 2012 trial.  In this case, Plaintiff accuses Defendant of battery, assault,

intentional infliction of emotional distress ("IIED"), false imprisonment, and conversion related

to a series of events occurring both before and during their brief marriage.  As discussed below,

both motions are denied.  The parties are also advised of a time change for trial: trial will begin

on April 17, 2012 at 10 a.m.

<strong>STANDARD</strong>

      "A district court's inherent authority to manage the course of its trials encompasses the

right to rule on motions *in limine*."  *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d

173, 176–77 (S.D.N.Y. 2008) (*citing Luce v. Unites States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460,

463 (1984)).  "The purpose of an *in limine* motion is to aid the trial process by enabling the

[c]ourt to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that

---

[1] Defendant filed a document containing arguments about six evidentiary issues.  Although
Defendant treats each argument as a separate motion, we will consider the document as a whole and
refer to it as a single motion.

are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v.*

*Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation omitted); *see also Ventura Assocs.,*

*Inc. v. Int'l Outsourcing Servs., Inc.*, No. 04 C 5962 & 04 C 10250, 2009 WL 691066, at *1

(S.D.N.Y. Mar. 17, 2009).  Because a ruling on a motion in limine is "subject to change as the

case unfolds," this ruling constitutes a preliminary determination in preparation for trial.

*Palmieri*, 88 F.3d at 139 (*quoting Luce*, 469 U.S. at 41, 105 S. Ct. at 163).

## ANALYSIS

### I.      Defendant's Motion in Limine

#### A.      Statutes of Limitations Arguments

In his motion, Defendant contends that Plaintiff should be precluded from introducing

evidence of allegedly tortious conduct occurring outside the one-year statute of limitations

applicable to her battery, assault, false imprisonment, and IIED claims.  (Def.s' Mot. at 1–2, 4.)

Defendant argues that Plaintiff cannot recover on these claims for conduct occurring prior to

December 31, 2008.  (*Id.*)

In her opposition, Plaintiff contends that the statute of limitations defenses are no longer

available to Defendant because he neglected to raise them earlier in these proceedings.  (Pl.'s

Opp'n at 1.)  As Plaintiff accurately asserts, "[t]he statute of limitations is an affirmative defense

. . . that must be asserted in a party's responsive pleading at the earliest possible moment and is a

personal defense that is waived if not properly pleaded."  *Davis v. Bryan*, 810 F.2d 42, 44 (2d

Cir. 1987) (internal quotations omitted); *see also National Market Share, Inc. v. Sterling Nat'l*

*Bank*, 392 F.3d 520, 526 (2d Cir. 2004) ("If an affirmative defense is neither pled nor tried with

the parties' consent, the defense is usually waived.").

Here, Defendant failed to raise a statute of limitations argument prior to this motion in limine.  On April 19, 2010, Defendant moved for dismissal (Dkt. No. 10) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), but he did not advance a statute of limitations argument in that motion.  Moreover, although he pled six affirmative defenses in his May 9, 2011 answer (Dkt. No. 24), he did not include statute of limitations among them.  Under these circumstances, we find that Defendant has waived his right to raise this affirmative defense.  Having failed to put Plaintiff on notice of this issue, Defendant cannot now preclude her from introducing—or recovering based on—evidence of conduct falling outside the limitations period.  Accordingly, Defendant's motion with respect to the statute of limitations arguments is denied.

## B.    Inter-spousal Immunity Argument

Defendant contends that, under New York state authority and public policy, Plaintiff cannot recover on her IIED claim for any conduct that took place during either their marriage or the period of approximately nine months when they lived together before their marriage.  (Def.'s Mot. at 3.)  Defendant seeks not only the exclusion of such evidence, but outright dismissal of the IIED claim with prejudice.  (*Id.*)

As Plaintiff points out, Judge Wood previously ruled on this very issue.  Defendant presented this same argument at the motion to dismiss stage.  (Dkt. No. 10, Mem. ISO MTD at 6 ("Ms. Allam's third claim should also be dismissed to the extent she alleges interspousal infliction of emotional distress.").)  Judge Wood agreed with Defendant's reasoning in part and concluded that "claims premised on conduct that occurred <u>during</u> the parties' marriage must be dismissed pursuant to the inter-spousal immunity doctrine."  (Dkt. No. 16, MTD Op. at 19 (emphasis in original).)  Judge Wood explicitly held, however, that "those IIED claims which are

premised on conduct that occurred <u>prior to</u> the parties' marriage are not affected by the inter-spousal immunity doctrine." (*Id.* at 20 (emphasis in original); *see id.* at 20 n.6.) Accordingly, in support of her IIED claim, Plaintiff may offer evidence of conduct that took place prior to the parties' marriage. We decline Defendant's invitation to otherwise revisit this issue, which Judge Wood so thoroughly addressed.

### C.     Undisclosed Medical Evidence Argument

Also with respect to Plaintiff's IIED claim, Defendant asks that we exclude medical evidence of her alleged emotional distress and dismiss the claim with prejudice. (Def.'s Mot. at 2–3.) Defendant argues that Plaintiff failed to disclose any medical evidence, which would be required for her to prevail on an IIED claim. (*Id.* at 2.) This argument fails.

In the parties Joint Pretrial Order ("PTO"), filed June 1, 2011, Plaintiff identified hospital and physician records as trial exhibits, along with some other materials. (Dkt. No. 26, PTO at 5.) Although Defendant complained of Plaintiff's delay in providing copies of these exhibits, she apparently disclosed the records on May 31, 2011.[2] (*Id.* at 6.)

Despite having had ample notice and copies of these medical records for many months, Defendant now contends that Plaintiff failed to offer medical evidence, as "confirmed in the Supplemental Pretrial Order." (Def.'s Mot. at 2.) The Supplemental Pretrial Order ("Supplement") did not require the parties to list all evidence or exhibits, as that information had been previously covered by the PTO. The Supplement sought information about any proposed

---

[2] Defendant indicated in the PTO that he planned to move in limine to bar documents Plaintiff obtained using third-party subpoenas without notice to Defendant, including these medical records. (PTO, Dkt. No. 26 at 6.) He neglected to do so by the February 27, 2012 motion deadline, however.

experts, though neither party is required to offer experts.  Moreover, as Plaintiff contends, none

of the cases cited by Defendant require her to present a medical expert in support of her IIED

claim.  As Plaintiff previously identified medical evidence in the PTO, Defendant's motion must

be denied.  Planitiff's IIED claim remains pending for trial.

## II.      Plaintiff's Motion in Limine

We turn next to Plaintiff's motion in limine, which seeks to preclude the testimony of

three third-party witnesses who were identified in the PTO: Frank Turzo, Steven Fischer, and

Fabrizio Cavalca.  (Pl.'s Mot. at 1–2.)  While Plaintiff acknowledges that she does not know

what testimony these individuals might provide, she asserts that none of them witnessed the

events underlying her claims.  She argues that their testimony thus lacks personal knowledge, is

collaterally irrelevant, and constitutes hearsay.  (*Id.* at 1.)

Defendant, on the other hand, states that each of these three witnesses "have personal

knowledge of and can and may testify about the conduct of the parties during the relevant time

period and may be offered as character/reputation witnesses for the defense."  (Def.'s Opp'n

at 1.)  Without more detail about the intended testimony, we are unable to issue a ruling on

Plaintiff's motion.  These witnesses may have relevant, admissible evidence to offer, and we

cannot bar or limit their testimony at this juncture.  We will address any objections to specific

testimony at trial, and, of course, will not permit any testimony that fails to comport fully with

the Rules of Evidence, including those rules governing hearsay and the introduction of evidence

concerning the character, reputation, or credibility of witnesses.

## CONCLUSION

For the reasons set forth above, both Defendant's motion in limine (Dkt. No. 45) and Plaintiff's motion in limine (Dkt. No. 46) are denied.  Trial will begin on the morning of April 17, 2012 at 10 a.m.

SO ORDERED:

Marvin E. Aspen
United States District Judge

Dated:        Chicago, Illinois
              March 30, 2012